IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| EVAN GIRLING § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | CIVIL ACTION NO. 5:21-cv-00532 |
| § | |
| JHW SERVICES, LLC, and JOSEPH § | JURY TRIAL DEMANDED |
| WILLIAMS § | |
| § | |
| Defendants. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

1. The Fair Labor Standards Act, like most federal employment-related statutes, contains an anti-retaliation provision.[1] It is very broad, both in the conduct it prohibits and the persons to whom it applies. For example, "[b]ecause section 15(a)(3) prohibits 'any person' from retaliating against 'any employee', the protection applies to all employees of an employer *even in those instances in which the employee's work and the employer are not covered by the FLSA*."[2]

2. JHW Services, LLC, not only violated the substantive provisions of the FLSA, it has now violated the FLSA's anti-retaliation provision, too. After Evan Girling filed a collective action against JHW Services under the FLSA,[3] the company (through its sole owner, Joseph Williams) immediately retaliated against him by falsely telling North Dakota's state unemployment agency that Girling was fired for misconduct, causing him to lose critically necessary unemployment benefits. Accordingly, Girling brings this action under the FLSA's anti-

---

[1] *See* 29 U.S.C. § 215(a)(3).

[2] *See* U.S. Dep't of Labor, Wage and Hour Div., Fact Sheet # 77A: Prohibiting Retaliation Under the Fair Labor Standards Act (FLSA) (December 2011), available at https://www.dol.gov/agencies/whd/fact-sheets/77a-flsa-prohibiting-retaliation (last visited June 3, 2021) (emphasis added).

[3] *See* Civil Action No. 5:21-cv-00271-FB; *Evan Girling v. JHW Services, LLC*; in the United States District Court for the Western District of Texas, San Antonio Division.

retaliation provision to recover damages for the wrongful denial of his state unemployment benefits, an additional equal amount as liquidated damages, emotional distress damages, punitive damages, and attorneys' fees.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction because Plaintiff's claims arise under the FLSA.

4. Venue is proper in the United States District Court for the Western District of Texas because JHW Services resides in this District and a substantial part of the events or omissions giving rise to the claims occurred in this District. *See* 28 U.S.C. § 1391(b)(1)(2).

5. The Court has specific personal jurisdiction over Defendants because Plaintiff's claims arise out of or relate to their contacts with Texas. "[T]he Supreme Court [has] held that when an alleged tort-feasor's intentional actions are expressly aimed at the forum state, and the tort-feasor knows that the brunt of the injury will be felt by a particular resident in the forum, the tort-feasor must reasonably anticipate being haled into court there to answer for its tortious actions." *Southmark Corp. v. Life Invs., Inc.*, 851 F.2d 763, 772 (5th Cir. 1988) (citing *Calder v. Jones*, 104 S.Ct. 1482, 1487 (1984)). Defendants' actions in wrongly causing Plaintiff's unemployment benefits to be denied were aimed at Texas, where Plaintiff lived and worked for JHW Services.

## PARTIES

6. Plaintiff Evan Girling resides in Conroe, Texas.

7. Defendant JHW Services LLC is a Texas limited liability company. It may be served through its registered agent for service, Registered Agents, Inc., 5900 Balcones Drive, Suite 100, Austin, TX 78731.

8. Defendant Joseph Williams resides in North Dakota. He may be served with process at his residence, 3324 32nd St. W., Williston, ND 58801, or wherever he may be found.

### CAUSE OF ACTION FOR RETALIATION UNDER THE FLSA

9. Plaintiff incorporates herein the allegations contained in the previous paragraphs.

10. The FLSA's anti-retaliation provision has been interpreted broadly. It applies not just to current employees, but also to former employees as well. *Hodgson v. Charles Martin Inspectors of Petroleum, Inc.,* 459 F.2d 303, 306 (5th Cir. 1972).

11. And because of "the clear and unambiguous language" of the FLSA, which contains the terms "any employee" and "any person" in its anti-retaliation provision, there is no requirement that either party "be engaged in activities covered by the Act's wage and hour provisions in order for the strictures against discriminatory discharge to be invoked." *Wirtz v. Ross Packaging Company*, 367 F.2d 549, 550–551 (5th Cir. 1966); *see also Acosta v. Foreclosure Connection, Inc.*, 903 F.3d 1132, 1135-36 (10th Cir. 2018) (collecting cases and holding that the anti-retaliation provisions of the FLSA apply to any person regardless of whether that person is an enterprise engaged in commerce); *Arias v. Raimondo*, 860 F.3d 1185, 1191-92 (9th Cir. 2017) (observing that "the difference in reach between FLSA's substantive economic provisions and its anti-retaliation provision is unmistakable" and that "Congress clearly means to extend section 215(a)(3)'s reach beyond actual employers"). Thus, it is irrelevant, for example, whether Williams is an "employer" under the FLSA, or whether his company has more than $500,000 in annual sales. All that matters under the FLSA's anti-retaliation provision is that Defendants are "persons"—which they clearly are—and that they "discharge[d] or in any other manner discriminate[d] against any employee because such employee has filed any complaint. . . under or related to" the FLSA. 29 U.S.C. 215(a)(3).

12.     "[C]ourts evaluate FLSA retaliation claims relying on circumstantial evidence under the evidentiary framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L.Ed.2d 668 (1973)." *Starnes v. Wallace*, 849 F.3d 627, 631 (5th Cir. 2017). An employee must first make a prima facie showing of: (1) participation in a protected activity under the FLSA; (2) an adverse employment action; and (3) a causal link between the activity and the adverse action. *Id*. at 631-32. If he does, the burden then shifts to the defendant to articulate a legitimate, nonretaliatory reason for the adverse action. *Id*. at 632.

13.     Girling easily satisfies the first and second elements, because a federal lawsuit is clearly a "complaint," and the challenging of a former employee's unemployment compensation is clearly an adverse employment action. *See, e.g., Ward v. Wal-Mart Stores, Inc*., 140 F. Supp. 2d 1220, 1231 (D.N.M. 2001) (holding that a former employee could proceed with his claim that his former employer challenged his unemployment compensation in retaliation for his prior EEOC charge); *see also Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006) (stating that the anti-retaliation provision in Title VII covers employer's actions that "could well dissuade a reasonable worker from making or supporting a charge of discrimination"); *Robinson v. Shell Oil Co*., 519 U.S. 337, 346 (1997) (holding that the term "employees" as used in Title VII's anti-retaliation provision "includes former employees").

14.     Nor is there any reasonable dispute as to the third element, because even though there is more evidence of pretext in this case than just the short amount of time between the filing of Girling's FLSA lawsuit and William's false statement to North Dakota's unemployment agency contesting Girling's unemployment benefits—just a few weeks[4]—timing alone is sufficient for

---

[4] Girling's FLSA lawsuit was filed on March 16, 2021. Although Girling does not know the exact date Williams provided his false statement to North Dakota's unemployment agency, the agency sent Girling a

this part of the inquiry. *Clark County School District v. Breeden*, 121 S. Ct. 1508, 1511 (2001) (noting that "very close" temporal proximity between protected activity and allegedly retaliatory conduct is enough to make a prima facie showing of causation).

15. Finally, Defendants may claim that Girling really was terminated for violating some vague company policy, but there is abundant evidence that that reason is pretextual. First and foremost, that allegation is not true. And it contradicts Williams's very own oral statements to Girling the day of his termination, when Williams told Girling he was being "layed off."

16. Finally, it should not be lost on the Court—or on Defendants for that matter—what the ultimate legal issue is in this case. As the Fifth Circuit noted recently, "the big picture" is that the "ultimate question" in a retaliation case is "whether the defendant discriminated against the plaintiff because the plaintiff engaged in protected conduct." *Starnes*, 849 F.3d at 635 (5th Cir. 2017) (internal quotation omitted). That "ultimate question" can sometimes get lost when a "rigid, mechanized, or ritualistic" application of *McDonnel Douglas* is improperly employed. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 577 (1978)).

17. Nor should it be lost what the "but for" standard of causation actually entails. It does not mean that as long as Defendants can point to any objectively valid reason for contesting Girling's unemployment benefits—even if it was not the true reason—there is no liability. As the Fifth Circuit has held in the Title VII retaliation context, "'but for' cause is simply not synonymous with 'sole cause.'" *Alaniz v. Zamora-Quezada*, 591 F.3d 761, 777 (5th Cir. 2009). All Girling has to show is that, but for the filing of his FLSA complaint, Defendants would not have contested his

---

letter dated May 12, 2021, notifying him that his employer had provided a statement contesting his entitlement to benefits and asking for a response.

unemployment benefits. Stated differently, if the filing of the FLSA complaint was the "straw that broke the camel's back," then it was the "but for" cause of the decision. *See Burrage v. United States*, 571 U.S. 204, 211 (2014) (explaining in criminal context that "but for" cause exists where "incremental effect" of defendant's actions "was the straw that broke the camel's back"); EEOC Directive No. 915.004, EEOC Enforcement Guidance on Retaliation and Related Issues (Aug. 25, 2016), available at https://www1.eeoc.gov/laws/guidance/retaliation-guidance.cfm. Here, the evidence at trial will be overwhelming that, in the absence of the filing of Girling's FLSA complaint, Defendants would not have gone to the trouble of contesting his unemployment claim.

## JURY TRIAL DEMANDED

18.  Plaintiff demands a jury trial on all liability and damages issues raised in this lawsuit.

## PRAYER FOR RELIEF

Plaintiff Evan Girling respectfully requests that judgment be entered against Defendants, jointly and severally, awarding him:

   a.  his lost unemployment benefits;

   b.  an equal amount as liquidated damages;

   c.  mental anguish damages for the sleeplessness and anxiety he suffered as a result of Defendants' conduct, *see Pineda v. JTCH Apartments, L.L.C.*, 843 F.3d 1062 (5th Cir. 2016);

   d.  punitive damages, *see West v. City of Holly Springs, Miss.*, Cause No. 3:16CV79-MOM-RP, 2019 WL 2454066 *2 (N.D. Miss., June 12, 2019) (denying defendant's motion to dismiss punitive damages claim in FLSA case); *see also Shea v. Galaxie Lumber & Const. Co.*, 152 F.3d 729, 734 (7th Cir. 1998) (holding that punitive damages available in FLSA retaliation cases);

   e.  reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA; and

  f. such other and further relief as may be required by law.

                Respectfully submitted,

                STURM LAW, PLLC

                */s/ Charles A. Sturm*
                CHARLES A. STURM
                csturm@sturmlegal.com
                *Attorney in Charge*
                Texas Bar No. 24003020
                712 Main Street, Suite 900
                Houston, Texas 77002
                (713) 955-1800 [Telephone]
                (713) 955-1078 [Facsimile]

