UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**EVAN GIRLING,**

    *Plaintiff*,

v.                                                                                                     Case No. SA-21-cv-0532-JKP-ESC

**JHW SERVICES, LLC and
JOSEPH WILLIAMS,**

    *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court is a *Motion to Dismiss* (ECF No. 8) filed by Defendants JHW Services, LLC, and Joseph Williams. With the filing of the response (ECF No. 9) and reply (ECF No. 10) the motion is ripe for ruling. For the reasons set forth below, the Court denies the motion.

### I. BACKGROUND

This is retaliation case brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C.§ 215(a)(3). *See* Pl.'s Orig. Compl. (ECF No. 1) ¶ 1. Plaintiff alleges that, after he filed an FLSA collective action against Defendants, they retaliated against him by providing false information to a state unemployment agency, resulting in the wrongful denial of unemployment benefits. *See id*. ¶ 2. Plaintiff filed his collective action on March 16, 2021. *See Girling v. JHW Servs., LLC*, 21-CV-00271-FB (W.D. Tex. filed Mar. 16, 2021).

In this case, Plaintiff specifically states that after he "filed a collective action against JHW Services under the FLSA, the company (through its sole owner, Joseph Williams) immediately retaliated against him by falsely telling North Dakota's unemployment agency that Girling was fired for misconduct, causing him to lose critically necessary unemployment benefits." *See* Pl.'s Orig. Compl. ¶ 2 (footnote omitted). Plaintiff alleges Defendants supplied false information to the North Dakota unemployment agency within a few weeks of his filing of the collective action. *Id*.

¶ 14. He alleges that he received a letter from the North Dakota unemployment agency on May 12, 2021, which provided notice of Defendants' opposition to his request for unemployment benefits. *Id*. ¶ 14 n.4. Plaintiff further alleges Defendant Williams told him he was being laid off when he was terminated from his position. *Id*. ¶ 15.

In their motion and briefing, Defendants contend Plaintiff cannot, as a matter of law, assert a viable FLSA retaliation claim based on an employer's opposition to an employee's application for unemployment benefits because such conduct is not a materially adverse action under the law. *See* ECF Nos. 8 and 10.

## II. MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants seek to dismiss Plaintiff's FLSA retaliation claim. Under Rule 12(b)(6), litigants may move to dismiss asserted claims for "failure to state a claim for which relief can be granted." As required by Fed. R. Civ. P. 8(a)(2), every pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Such requirement provides opposing parties "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

In general, a court addressing a motion under Rule 12(b)(6) "must limit itself to the contents of the pleadings, including attachments thereto." *Brand Coupon Network, LLC v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014) (citation omitted). When ruling on a motion to dismiss, courts construe the operative pleading "in the light most favorable to the [non-movant] and draw all reasonable inferences in the [non-movant's] favor." *Severance v. Patterson*, 566 F.3d 490, 501 (5th Cir. 2009). Despite the natural focus on the allegations of the operative pleading, the party moving for dismissal under Rule 12(b)(6) "carries the burden of proof for dismissal." *Newton v. Bank of Am., N.A.*, No. CV SA-19-CA-797-FB, 2019 WL 6048000, at *2 (W.D. Tex. Aug. 29,

2019).

To survive a Rule 12(b)(6) motion to dismiss, plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted claims. *See id.*; *Twombly*, 550 U.S. at 563 n.8. While a complaint need not contain detailed factual allegations to survive a Rule 12(b)(6) motion, a plaintiff must provide more than conclusory allegations, legal conclusions, or formulaic recitations of the elements of a cause of action. *See Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

**A. Former Employees, Post-Employment Conduct, and FLSA Retaliation Claims**

"The Supreme Court has long allowed claims for retaliation by former employees against former employers for post-employment adverse employment actions." *Allen v. Radio One of Tex. II, LLC*, 515 F. App'x 295, 302 (5th Cir. 2013) (per curiam) (citing *Robinson v. Shell Oil Co.*, 519 U.S. 337 (1997)). The Supreme Court also held "[Title VII's] antiretaliation provision does not confine the actions and harms it forbids to those that are related to employment or occur at the workplace." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 56 (2008). The antiretaliation provision "covers those (and only those) actions that would have been materially adverse to a reasonable employee or job applicant." *Id*. The employer's actions "must be harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Id*. "The FLSA's anti-retaliation provision is similar to the anti-retaliation provision of Title VII." *Armas v. St. Augustine Old Roman Catholic Church*, No. 3:17-CV-2383-D, 2019 WL 2929616, at *8 (N.D. Tex. July 8, 2019); *accord Hagan v. Echostar Satellite, LLC*,

529 F. 3d 617, 624 (5th Cir. 2008) (recognizing that the burden shifting framework used in Title VII cases "has been adapted and applied to [FLSA] cases").

Among other acts not pertinent here, the FLSA makes it unlawful for any person "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [Chapter 8 (Fair Labor Standards) of Title 29 of the United States Code]." 29 U.S.C. § 215(a)(3). A prima facie case under the FLSA requires a plaintiff to show the following: (1) participation in a protected activity; (2) an adverse employment action; and (3) a causal link between the activity and the adverse action. *Hagan*, 529 F. 3d at 624.

**B. Discussion**

As stated above, Defendants seek dismissal because a former employer's opposition to a former employee's application for unemployment benefits is not a materially adverse action to support a retaliation claim under the FLSA. Defendants rely on two pre-*Burlington* cases to support their position. *See* ECF No. 8 at 2 (citing *Riojas v. Unicco Serv. Co.*, No. 84-084, 2005 WL 589419, at *2 n.4 (W.D. Tex. Mar. 14, 2005); *Khan v. United Recovery Sys., Inc.*, No. 03-2292, 2005 WL 469603, at *11 (S.D. Tex. Feb. 18, 2005)). The plaintiff in *Riojas* brought a retaliation claim under the Americans with Disabilities Act, and the court granted summary judgment because plaintiff had failed to exhaust his administrative remedies regarding that claim. 2005 WL 589419, at *2. In a footnote, the court cited to the *Khan* case which determined that that a defendant does not make an ultimate employment decision when opposing an employee at an unemployment compensation hearing. *Id*. at *2 n.4

The Supreme Court, in *Burlington*, altered the Fifth Circuit's "ultimate employment decision" standard which limited actionable retaliatory conduct to acts such as hiring, granting leave, discharging, promoting, and compensating and replaced it with actions that are materially

4

adverse. *See* 548 U.S. at 60-68. The Court rejected standards that limited actionable retaliation to ultimate employment decisions. *Id*. at 67. Material adversity is used to "separate significant from trivial harms." *Id*. at 68. "The scope of the antiretaliation provision extends beyond workplace-related or employment-related retaliatory acts and harm." *Id*. at 67. Based on Supreme Court precedent, this Court will not base its decision on cases which do not use the *Burlington* standard to determine whether an employer's conduct is an adverse action in a FLSA retaliation case.

Defendants also rely on cases from the Eastern District of Michigan and the Southern District of Ohio. *See* ECF No. 8 at 2-3 (citing *Ellis v. Prospect Airport Servs.*, No. 17-13852, 2019 WL 2218819, at *6 (E.D. Mich. Jan. 25, 2019) (recommendation of Mag. J.) *accepted by* 2019 1417163 (E.D. Mich. Mar. 29, 2019); *Morningstar v. Circleville Fire & EMS Dep't*, N. 2:15-CV-3077, 2018 WL 3721077, at *8 (S.D. Ohio Aug. 6, 2018). However, these cases stand for the proposition that an employer's mere opposition to an employee's application for unemployment benefits is not an adverse action in a retaliation case. They do not stand for the broad proposition urged by Defendants.

This Court's research has not revealed a Fifth Circuit opinion or an opinion from a district court within the circuit that squarely addresses the core issue in this case: does an employer's opposition to an employee's application for unemployment benefits based on allegedly false information constitute a materially adverse action to support a viable FLSA retaliation claim? This Court answers the question in the affirmative. "After *Burlington*, there has been some disagreement among the courts regarding whether an employer's opposition to unemployment benefits properly may constitute an adverse employment action under prevailing legal standards." *Adamchik v. Compservices, Inc.*, No 10-949, 2010 WL 5139076, at *1 (W.D. Pa. Dec. 9, 2010).

This Court agrees with the basic proposition that an employer's lawful and legitimate opposition to an employee's application for unemployment benefits does not constitute a

5

materially adverse action. It finds the following footnote in *Adamchik* persuasive:

> If the mere act of opposing unemployment benefits constitutes an "adverse employment action" under *Burlington,* then every employer who invokes its right to oppose such benefits may find itself the subject of a retaliation claim. Such a rule, if adopted, could have a chilling effect on employers' exercise of their legitimate rights to participate in unemployment compensation proceedings, and the Court highly doubts that *Burlington* envisioned, or would sanction, such a result. Although the undersigned presently concludes, faced with the legal precedent before the Court, that Defendant's challenge is better resolved on summary judgment, this Order should not be read to endorse the notion that an employer's legitimate invocation of its right to participate in unemployment benefits proceedings constitutes an "adverse employment action," as contemplated in *Burlington* or otherwise.

*Id*. at *1 n.2.

But the allegation in this case is that the Defendants supplied false information to a state agency within a few weeks of Plaintiff filing his lawsuit alleging violations of the FLSA's substantive provisions. The Court in *Burlington* contemplated actionable retaliation claims based on allegations of an employer supplying false information to law enforcement. *See* 548 U.S. at 64 (citing *Berry v. Stevinson Chevrolet*, 74 F.3d 980, 984, 986 (10th Cir. 1996) (finding actionable retaliation where employer filed false criminal charges against former employee who complained about discrimination)). Plaintiff's allegation in this case is line with cases in which courts have found actionable retaliatory conduct occurred when an employer supplied false information to a state unemployment agency.[1] In light of *Burlington* and the persuasive authority cited in footnote 1, the Court finds that Plaintiff has made sufficient factual allegations in his

---

[1] *See Williams v. W.D. Sports, N.M., Inc.*, 497 F.3d 1079, 1090 (10th Cir. 2007) (reversing and remanding a retaliation claim for trial based upon false opposition to unemployment benefits); *Steele v. Schafer*, 535 F.3d 689, 696 (D.C. Cir. 2008) (noting in dicta that a "false report" contesting unemployment benefits involves conduct that can support a Title VII retaliation claim); *Chang Lim v. Azar*, No. CV TDC-17-0438, 2020 WL 979087, at *5 (D. Md. Feb. 28, 2020) (recognizing that "[p]roviding false information" to oppose unemployment benefits is actionable under *Burlington*); *Topalli v. Multiple Sclerosis Research Ctr. of N.Y., Inc.*, No. 08 CIV. 8162 (AKH), 2010 WL 11711088, at *3 (S.D.N.Y. Feb. 17, 2010) (addressing state claim of retaliation similar to Title VII and recognizing distinction between "mere opposition to [an] application for unemployment benefits" and making false statements); *Koger v. Woody*, No. CIV. A. 3:09-CV-90, 2009 WL 2762610, at *4 (E.D. Va. Aug. 28, 2009) (finding a plausible Title VII retaliation claim due to allegations that the employer opposed unemployment benefits based on alleged false claim that employee had abused sick leave).

complaint to state a plausible FLSA retaliation claim. Accordingly, Defendants' motion fails.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** the *Motion to Dismiss* (ECF No. 8) filed by Defendants JHW Services, LLC, and Joseph Williams.

**IT is so ORDERED.**

**SIGNED this 7th day of January 2022.**

*[signature: Jason Pulliam]*

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**